Andrew M. Morgan, Esq.; SBN 266833
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, California 93309-2026
Tel: (661) 322-3051
Fax: (661) 322-4628
Email: amorgan@bortonpetrini.com

Attorneys for Petitioner,
Russell Potterfield

**FILED**
JAN 31 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re

The Vine Intervention, LLC,

    Debtor.

Case No. 9:17-bk-12228-PC
Chapter 7

**PETITIONER'S OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS INVOLUNTARY CHAPTER 7 PETITION**

Date: February 14, 2018
Time: 11:30 a.m.
Place: 1415 State Street
       Courtroom 201
       Santa Barbara, CA 93101

Petitioning Creditor, Russell Potterfield ("Petitioner"), respectfully submits this Opposition to the Motion to Dismiss Involuntary Chapter 7 Petition of Debtor The Vine Intervention, LLC ("TVI"). Any Reply to this Opposition is due to be served and filed on February 7, 2018. Petitioner requests that the Motion to Dismiss be denied in its entirety, or, in the alternative, that the Court refrain from ruling on the Motion until Petitioner is afforded a fair opportunity to conduct discovery in connection with the arguments and evidence asserted in the Motion to Dismiss.

///
///
///

1

## INTRODUCTION

Petitioner filed his Involuntary Chapter 7 Petition against TVI on December 12, 2017. (Declaration of Andrew Morgan in Support of Petitioner's Opposition ("Morgan Decl."), paragraph 2, Exhibit 1.) Petitioner is the only filing creditor. In response, TVI filed the present Motion to Dismiss. The only argument asserted at all by TVI is that it's Motion should be granted because it has 12 or more creditors, which, if true, would require the Petition to be filed by at least three creditors.

The Motion and supporting declaration list a total of 13 alleged creditors. However, at least eight of those 13 creditors were not creditors at the time of the filing of Petitioner's Involuntary Petition on December 12, 2017. For this reason TVI's Motion to Dismiss should be denied in its entirety.

There is also substantial circumstantial evidence suggesting that many of the alleged creditors would likely not be counted as creditors if a minimal amount of discovery was allowed. Should the Court not see fit to deny TVI's Motion outright, Petitioner respectfully requests in the alternative that the Court continue the hearing date to allow Petitioner to perform discovery limited to revealing the nature of some of the amounts claimed by TVI as due and owing and/or the nature of the relationship between some of the creditors and TVI.

## ARGUMENT

**I. AT LEAST EIGHT OF THE ALLEGED CREDITORS WERE NOT CREDITORS OF TVI AT THE TIME OF FILING OF PETITIONER'S INVOLUNTARY PETITION FOR CHAPTER SEVEN BANKRUPTCY**

Where there is no evidence that an alleged creditor was owed money before the filing date of a petition for involuntary bankruptcy, that alleged creditor cannot be counted toward the 12 required when there are less than three petitioning creditors. *In re Quality Trading Co., Inc.*, 36 B.R. 265, 269 (Bankr.D.Hawaii 1984), disqualifying four creditors from the calculation because they "had made no demand on debtor at the time of the Involuntary Petition"; *In re Rimell*, 121 B.R. 253, 256-257 (Bankr.E.D.Mo. 1990), Bankruptcy Court's holding that exclusion of three creditors from calculation because they "did not hold claims against [debtor] as of the filing date" was "supported by facts and law".

1    At least eight of the 13 claimed creditors that TVI relies upon as the basis of its Motion to Dismiss cannot be counted towards the 12 creditors it needs to prevail on its motion because TVI has failed to provide evidence that the eight creditors were owed money before Petitioner's December 12, 2017 Involuntary Petition filing date.

TVI claims that Bay Area Bottling is a creditor in the amount of $9,405.10. (Declaration of Mark Cummins in Support of Motion to Dismiss ("Cummins Decl."), paragraph 3, page 7 of Exhibit A.) However, the date of the invoice is January 3, 2018, and the "due date" is December 20, 2017, clearly after Petitioner's December 12, 2017 filing date. TVI produces no other relevant information or evidence at all regarding this alleged debt.

TVI claims that Clos LaChance is a creditor in the amount of $3,561.40. (Cummins Decl., paragraph 3, page 8 of Exhibit A.) However, the date of the invoice is December 20, 2017, and the "due date" is January 5, 2018, clearly after Petitioner's December 12, 2017 filing date. TVI produces no other relevant information or evidence at all regarding this alleged debt.

TVI claims that Digital Dogma is a creditor in the amount of $3,087.32. (Cummins Decl., paragraph 3, page 9 of Exhibit A.) However, the date of the invoice is December 13, 2017, clearly after Petitioner's December 12, 2017 filing date. TVI produces no other relevant information or evidence at all regarding this alleged debt.

TVI claims that Great Daane Graphics is a creditor in the amount of $1,000.00. (Cummins Decl., paragraph 3, page 10 of Exhibit A.) However, the date of the invoice is December 13, 2017, clearly after Petitioner's December 12, 2017 filing date. TVI produces no other relevant information or evidence at all regarding this debt.

TVI claims that Heringer Estates Winery, LLC is a creditor in the amount of $18,750.00. (Cummins Decl., paragraph 3, page 11 of Exhibit A.) However, the date of the invoice is December 13, 2017, clearly after Petitioner's December 12, 2017 filing date. TVI produces no other relevant information or evidence at all regarding this debt.

TVI claims that Liberty Mutual Insurance is a creditor in the amount of $2,744.20. (Cummins Decl., paragraph 3, page 12 of Exhibit A.) However, the date of the invoice is December 29, 2017, and the "due date" is January 13, 2018, clearly after Petitioner's December 12, 2017 filing date.

1  TVI produces no other relevant information or evidence at all regarding this alleged debt. (Also, per the
2  additional argument further below, it cannot be the case that Liberty Mutual Insurance is a creditor since
3  insurance policies are paid in advance of their policy periods.)
4         TVI claims that M. Draxton, Inc. is a creditor in the amount of $72,000.00. (Cummins
5  Decl., paragraph 3, page 13 of Exhibit A.) However, the date of the invoice is December 14, 2017, and
6  the "ship" date is December 14, 2017, clearly after Petitioner's December 12, 2017 filing date. TVI
7  produces no other relevant information or evidence at all regarding this alleged debt.
8         TVI claims that Terravant Wine Company is a creditor in the amount of $12,000.00.
9  (Cummins Decl., paragraph 3, page 17 of Exhibit A.) However, the date of the invoice is December 15,
10 2017, and the "date shipped" is December 15, 2017, clearly after Petitioner's December 12, 2017 filing
11 date. TVI produces no other relevant information or evidence at all regarding this alleged debt.
12        Since the money in connection with all of these alleged debts was clearly not owed until
13 after the filing date of December 12, 2017, these eight creditors cannot be counted toward the 12
14 creditors needed for TVI's Motion to Dismiss to be successful.
15        [TVI also claims that Mancuso Wine Brokerage is a creditor in the amount of $350.00.
16 (Cummins Decl., paragraph 3, page 14 of Exhibit A.) However, both the "date of invoice" and "date of
17 sale" is December 12, 2017. TVI produces no other relevant information or evidence at all regarding
18 this alleged debt. Since this claim was apparently incurred the same day that Petitioner's Involuntary
19 Petition was filed, this creditor arguably should also not count toward the 12 creditors needed for TVI's
20 Motion to Dismiss to be successful. This would bring the total amount of ineligible creditors to nine of
21 13, rather than eight of 13.]
22
23 **II.   LIBERTY MUTUAL INSURANCE CANNOT BE COUNTED AS A CREDITOR BECAUSE THE MONEY ALLEGEDLY OWED IS NOT A "CLAIM"**
24        A "claim" in bankruptcy is defined as a "right to payment." (Bankruptcy Code § 101(4)).
25 TVI lists as one of its creditors Liberty Mutual Insurance in the amount of $2744.20 "for balance owed
26 on insurance policy". (Cummins Decl., paragraph 3, page 12 of Exhibit A.) Even if this alleged debt
27 was incurred before the December 12, 2017 filing date of the Involuntary Petition (it was not, see
28 above), this is not a debt or "claim".

h:\public\0613
28\070690
potterfield\ban
kruptcy\motion
to

4

Based on the document provided by TVI, and as is typical for virtually all insurance policies/coverage, the amount due to Liberty Mutual Insurance on January 13, 2018 was for the purpose of continuing coverage going forward. It is a service/product paid for in advance; it is not paid for after coverage has already been provided. Liberty Mutual Insurance does not have a "right to payment" of any amount – if not paid for, the insurance company could not seek to collect any amount from TVI. If the amount is not paid, TVI would simply forfeit the benefit of the insurance coverage that would otherwise be provided for the coming coverage period. That is not a "claim" in bankruptcy, and therefore Liberty Mutual Insurance should not be counted as a creditor.

Should the Court not accept this argument based on the evidence presently before it, Petitioner respectfully requests that it be afforded a fair opportunity to conduct discovery before the Court rules on the Motion. See *In re Rothery*, 143 F.3d 546 (9th Cir. 1998), holding that "prehearing discovery is available to the creditors" to meet their burden of proof on the main elements of 11 U.S.C. 303 (citing Bankruptcy Rules 1018, 7026, 7028-7037).

### III. MILTON'S DISTRIBUTING CO., INC. CANNOT BE COUNTED AS A CREDITOR BECAUSE IT IS A CUSTOMER OF TVI AND LIKELY OWES MUCH MORE TO TVI THAN $15.00, WHICH IS THE AMOUNT TVI CLAIMS TO OWE MILTON'S DISTRIBUTING CO., INC.

An entity who owes the alleged debtor more than the alleged debtor owes that entity does not count toward calculating the 12 creditors. This is because the alleged debt is totally offset by the amount the entity ("creditor") owes the alleged debtor; the "creditor", therefore, has no "claim" or "right to payment" to enforce against the alleged debtor. (Bankruptcy Code § 101(4)).

TVI lists as one of its creditors Milton's Distributing Co., Inc. ("Milton's") in the amount of $15.00 "for brand registration". (Cummins Decl., paragraph 3, pages 15-16 of Exhibit A.) As its name indicates, Milton's is a distribution company. (Morgan Decl., Exhibit 2.) TVI's biggest and perhaps only source of revenue is wine sales to Trader Joe's. Due to the laws governing the distribution of alcohol across state lines, Trader Joe's cannot directly purchase wine in California for its non-California stores and transport it across state lines; it has to utilize independent purchasing/distribution companies, such as Milton's, to buy and deliver California wine to other states in the U.S.. (Declaration of Petitioner, Russell Potterfield, in Support of Petitioner's Opposition to Motion to Dismiss

("Potterfield Decl."), paragraphs 2-3.)

The fifteen dollar registration fee TVI "owes" Milton's is only incurred by TVI so that Milton's can then purchase thousands of dollars' worth of wine from TVI (perhaps hundreds of thousands of dollars' worth) and then deliver it to Trader Joe's stores in other states. (Potterfield Decl., paragraphs 2-3.) From the other invoices included in TVI's Motion to Dismiss, it is apparent that TVI has very recently purchased wine (invoices for Heringer Estates, M. Draxton and Terravant Wine), made wine (Clos LaChance invoice), bottled that wine (Bay Area Bottling invoice), and created labels for the wine bottles (invoices for Digital Dogma and Great Daane Graphics). (Cummins Decl., paragraph 3, Exhibit A.) The circumstantial evidence strongly suggests that the reason TVI registered its brand with Milton's was so that it could sell this wine to Milton's and legally transport it to out-of-state Trader Joe's stores. Given this context there can be little doubt that the amount TVI allegedly owes Milton's (a mere $15) is offset by, at a minimum, thousands of dollars that Milton's owes TVI. Consequently, Milton's cannot be counted as a creditor to defeat the Involuntary Petition.

Should the Court not see fit to deny TVI's Motion to Dismiss at the February 14 hearing, then Petitioner respectfully requests that, before ruling on the Motion, the Court allow Petitioner to conduct discovery to verify the true nature and amount due and owing as between TVI and Milton's. See *In re Rothery*, 143 F.3d 546 (9th Cir. 1998), holding that "prehearing discovery is available to the creditors" to meet their burden of proof on the main elements of 11 U.S.C. 303 (citing Bankruptcy Rules 1018, 7026, 7028-7037).

### IV. ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP SHOULD NOT BE COUNTED AS A CREDITOR BECAUSE IT IS LIKELY AN "INSIDER" FOR PURPOSES OF AN INVOLUNTARY PETITION

"Insiders" are excluded from the calculation of creditors listed in opposition to a single-creditor involuntary petition. (Bankruptcy Code § 303(b).) The definition of "insider" for this purpose includes "an attorney who is owed money from a client who is currently defending the client in an involuntary bankruptcy petition," but it does not include attorneys who do not currently represent the client/alleged debtor. This is because, due to the duties of loyalty and confidentiality owed to the client, "an attorney representing the debtor in the involuntary proceeding obviously would be called upon to take a position adverse to that of his client, [but] the same cannot be said for a former attorney." *In re*

*Rimell*, 111 B.R. 250, 254 (Bankr.E.D.Mo. 1990); and see *In re Rimell*, 121 B.R. 253, 257 (E.D.Mo. 1990), "findings of the Bankruptcy Court were supported by the facts and the law". The definition of "insider" "is not limited and should be applied flexibly, on a case by case basis". *In re Rimell*, 111 B.R. 250, 254 (Bankr.E.D.Mo. 1990).

TVI lists as one of its creditors Adamski Moroski Madden Cumberland & Green LLP ("AMMCG") in the amount of $77,803.74 "for legal services rendered". (Cummins Decl., paragraph 3, pages 5-6 of Exhibit A.) However, AMMCG, via a partner in that firm, Jeffery Minnery, is currently still counsel of record for TVI in a state court action in which Petitioner is suing TVI for amounts owed to Petitioner. (Morgan Decl., paragraph 4.) As recently as January 11, 2018, Mr. Minnery appeared in state court on behalf of TVI in connection with that action. (Morgan Decl., paragraph 4.) Because TVI is not a former client of AMMCG, but rather a current client, AMMCG's participation in any bankruptcy proceeding as a creditor of TVI would require it to "take a position adverse to [its] client," who is still currently represented by AMMCG.

Consequently, while AMMCG is not representing TVI in this bankruptcy proceeding, it is still representing TVI in such a way as to place its own interests at odds with TVI should it attempt to recover in this bankruptcy proceeding the amounts that are apparently owed to it. Under these conditions, AMMCG is considered an insider and cannot be counted toward the 12 creditors needed to defeat Petitioner's Involuntary Petition.

Should the Court not accept this argument based on the evidence presently before it, Petitioner respectfully requests that it be afforded a fair opportunity to conduct discovery before the Court rules on the Motion. See *In re Rothery*, 143 F.3d 546 (9th Cir. 1998), holding that "prehearing discovery is available to the creditors" to meet their burden of proof on the main elements of 11 U.S.C. 303 (citing Bankruptcy Rules 1018, 7026, 7028-7037).

///

///

///

///

///

V.  **POST-PETITION PAYMENT OF PRE-PETITION DEBTS ARE VOIDABLE BY A BANKRUPTCY TRUSTEE AND DO NOT COUNT TOWARD THE TWELVE CREDITORS NECESSARY TO DEFEAT A SINGLE-PETITIONER INVOLUNTARY PETITION**

To the extent that any of the amounts allegedly owed to any of TVI's 13 listed creditors are found to have been incurred before Petitioner's December 12, 2017 filing date, if any of them have been paid then they do not count toward the 12 creditors necessary to defeat Petitioner's Involuntary Petition. If they were paid before the Petition was filed, then they are not creditors at all, and if they were paid after the Petition was filed, then they do not count in the calculation because post-petition payments of pre-petition debts are voidable by a bankruptcy trustee. (11 U.S.C. §§ 303(b) and 549; and see *Matter of International Tedata Corp.*, 12 B.R. 879, 882 (Bkrptcy, D. Nev., 1981), interpreting these code sections: "...it is clear that transfers which occur during the gap period between the filing of an involuntary petition and the issuance of an order for relief in that case are avoidable if made in satisfaction of pre-petition obligations".)

Consequently, should the Court not deny TVI's Motion to Dismiss in its entirety at the February 14 hearing, Petitioner respectfully requests that it not rule on the motion until Petitioner is afforded a fair opportunity to conduct discovery regarding the payment status of any pre-petition amounts incurred by TVI. See *In re Rothery*, 143 F.3d 546 (9th Cir. 1998), holding that "prehearing discovery is available to the creditors" to meet their burden of proof on the main elements of 11 U.S.C. 303 (citing Bankruptcy Rules 1018, 7026, 7028-7037).

## CONCLUSION

TVI's list of 13 creditors includes at least eight creditors with alleged debts that were not in existence at the time the Involuntary Petition was filed on December 12, 2017. The evidence TVI submitted in connection with its Motion supports this conclusion and does not contradict it in any way. At the very most, TVI only has five qualifying creditors. Accordingly, the Motion to Dismiss should be denied in its entirety.

Should the Court choose not to deny the Motion at the February 14 hearing, Petitioner alternatively requests that the Court afford him an opportunity to conduct discovery regarding the alleged debts owed by TVI to the alleged creditors. As described above, there is ample circumstantial

1 evidence showing justifiable reasons and good cause to allow this requested discovery before the Court
2 makes a final ruling.

3 Dated: January 31, 2018

BORTON PETRINI, LLP

By _____
Andrew M. Morgan, Attorneys for Petitioner
Russell Potterfield

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5060 California Avenue, Suite 700, Bakersfield, CA 93309

A true and correct copy of the foregoing document entitled (*specify*): _____
PETITIONER'S OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO DISMISS INVOLUNTARY
CHAPTER 7 PETITION
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __01/31/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/31/2018 | Kate Keown | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE

## SERVICE LIST

**SERVED BY UNITED STATES MAIL:**
**Judge's Copy:**
The Honorable Deborah J. Saltzman
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634/Courtroom 1639
Los Angeles, CA 90012

**SERVED BY ELECTRONIC MAIL:**
ltos@farmerandready.com
Leslie A. Tos, Esq.
FARMER & READY
1254 Marsh Street
San Luis Obispo, CA 93406
Attorney for Alleged Debtor The Vine Intervention, LLC